IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:25-CR-00012-ALM-BD |
| | § | |
| ROGELIO MATEO CASTILLO (1) | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Rogelio Mateo Castillo's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on February 25, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer. The Government was represented by Michael Anderson.

Defendant was sentenced on June 7, 2021, before The Honorable David C. Godbey of the Northern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Cocaine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of III, was 87 to 108 months. Defendant was subsequently sentenced to 70 months imprisonment followed by three years of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing, submission of financial information and a $100 special assessment. On March 27, 2023, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas. On January 29, 2025, jurisdiction was transferred from the Northern District of Texas to the Eastern District of Texas and assigned to U.S. District Judge Amos L. Mazzant, III.

REPORT AND RECOMMENDATION – Page 1

On January 30, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (2) <u>Standard Condition</u> After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed; (3) & (4) <u>Special Condition</u> Defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance abuse, abstain from the use of alcohol and all other intoxicants during and after completion of treatment, and contribute to the costs of services rendered (copayment) at a rate of at least $20 per month; and (5) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime. (Dkt. #2 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On September 18, 2024, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas, which was confirmed positive by Alere Toxicology for methamphetamine. On December 10, 2024, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas, which was confirmed diluted by Alere Toxicology. Defendant admitted in writing to using methamphetamine on December 8, 2024. On January 7, 2025, Defendant admitted, in writing, to using cocaine on January 4, 2025; (2) Defendant failed to follow the instructions of the U.S. Probation Officer by failing to report as instructed on September 11, 2024, November 6, 2024, and December 4, 2024; (3) Defendant failed to submit a random drug test in Plano, Texas on September 11, 2024, October 29, 2024, November 6, 2024, and December 3, 2024. Defendant stalled and was unable to provide

a urine specimen at the U.S. Probation Office in Plano, Texas on January 7, 2025. Additionally, Defendant failed to attend substance abuse counseling at Fletcher Counseling, Plano, Texas on October 27, 2024, and January 6, 2025; (4) On January 7, 2025, a urine defeating device was located on Defendant, and he admitted in writing to possessing and attempting to use said device. This is also a violation of Texas Health and Safety Code § 481.133, a Class B misdemeanor. At the time of the filing of the Petition, no formal charges had been filed; and (5) Defendant committed the foregoing offenses. (Dkt. #2 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1–3 in the Petition. Having considered the Petition and the plea of true to allegations 1–3, the court finds that Defendant did violate his conditions of supervised release. The Government moved to dismiss allegations 4 and 5 in the Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve months and one day with no term of supervised release to follow.

The court further recommends the Government's motion to dismiss allegations 4 and 5 in the Petition be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Bastrop, Texas, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 31st day of March, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE